LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

SEGUNDO JUNCAL,
on behalf of himself and
FLSA Collective Plaintiffs,

       Plaintiff,

  v.

TASTY FAST FOOD INC.,
TASTY FAST FOOD INC. III,
KOSTAS PAPACOSTAS and
PANTELIS PELEKIS,

       Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, SEGUNDO JUNCAL, (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Complaint against Defendants, TASTY FAST FOOD INC., TASTY FAST FOOD INC. III, KOSTAS PAPACOSTAS and PANTELIS PELEKIS (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleged that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, SEGUNDO JUNCAL, is a resident of Queens County, New York.

6. Upon information and belief, Defendant, TASTY FAST FOOD INC., is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 25-12 34th Ave, Long Island City, NY 11106. This "Tasty's Fast Food Restaurant" was relocated to 113-27 Queens Blvd., Forest Hills, NY 11375 in or around March 2016.

7. Upon information and belief, Defendant, TASTY FAST FOOD INC. III, is a domestic business corporation organized under the laws of New York, with a principal place of

business and an address for service of process located 113-27 Queens Blvd., Forest Hills, NY 11375. Prior to in or around March 2016, the "Tasty's Fast Food Restaurant" was located at 25-12 34th Ave, Long Island City, NY 11106.

8. Upon information and belief, Defendant, KOSTAS PAPACOSTAS, is a Principal of Defendants, TASTY FAST FOOD INC. and TASTY FAST FOOD INC. III. The Defendant KOSTAS PAPACOSTAS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

9. Upon information and belief, Defendant, PANTELIS PELEKIS, is a Principal of Defendants, TASTY FAST FOOD INC. and TASTY FAST FOOD INC. III. The Defendant PANTELIS PELEKIS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

10. At all relevant times, each of Defendants, TASTY FAST FOOD INC. and TASTY FAST FOOD INC. III, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

16. On or about January 2000, Plaintiff SEGUNDO JUNCAL was hired by Defendants and/or their predecessors, as applicable, to work as a cook for Defendants' "Tasty's Fast Food" restaurant located, at the time, at 25-12 34th Ave, Long Island City, NY 11106.

17. SEGUNDO JUNCAL worked for Defendants until on or about March 29, 2016.

18. In or about March 2016, the Tasty's restaurant was relocated to 113-27 Queens Blvd., Forest Hills, NY 11375. The restaurant maintained the same name, the same look and feel, the same menu, and the same workforce.

19. During the relevant statutory period, Plaintiff SEGUNDO JUNCAL's regular schedule was as follows: 11:00 a.m. to 10:00 p.m., for 7 days per week, for a total of 77 hours per week.

20. Throughout his entire employment, Plaintiff SEGUNDO JUNCAL received his compensation on a fixed-salary basis. During the relevant statutory periods, Plaintiff's salary was as follows:

   a) From 2010 until December 2015, he was paid a fixed salary of $90 per day.

   b) From January 2016 through March 29, 2016, he was paid a fixed salary of $110 per day.

Throughout his employment, SEGUNDO JUNCAL was paid in cash. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated SEGUNDO JUNCAL's rights by paying him on a salary basis, in violation of the New York Labor Law because SEGUNDO JUNCAL is a non-exempt employee who must be paid on an hourly basis.

21. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

22. Defendants knowingly and willfully operated their business with a policy of not, at times, paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and FLSA Collective Plaintiffs.

5

23. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

24. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law. In fact, Plaintiff did not receive any wage statements during his period of employment with Defendants.

25. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

26. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff realleges and reavers Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

29. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

30. Upon information and belief, at all relevant times, each of Defendants, TASTY FAST FOOD INC. and TASTY FAST FOOD INC. III, had gross revenues in excess of $500,000.

31. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

32. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

33. At times, Plaintiff and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

34. At times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

35. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

40. Plaintiffs is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

41. Plaintiff realleges and reavers Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

43. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

44. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

45. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

46. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

47. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

48. Defendants willfully violated Plaintiff's rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employees who must be paid on an hourly basis.

49. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 14, 2016

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiff and FLSA Collective Plaintiffs*

By: */s/ C.K. Lee*
      C.K. Lee, Esq.